IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **WESLEY TANKSLEY and** ) | |
| **AMY TANKSLEY,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No. 12-1149-CM |
| ) | |
| **BAY VIEW LAW GROUP P.C., et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

## MEMORANDUM AND ORDER

Currently before the court is a motion to compel arbitration, or in the alternative, motion to change venue (Doc. 8), filed by defendants Bay View Law Group P.C., Jedediah N. Thurkettle, and Mahroze J. Baloch ("defendants"). For the following reasons, the court grants defendants' motion to compel arbitration, stays all proceedings with respect to these defendants, and orders the parties to proceed to arbitration. Defendants' alternative motion to change venue is denied as moot without prejudice.

Plaintiffs allege that defendants violated the Kansas Credit Services Organization Act and the Kansas Consumer Protection Act in connection with debt settlement services defendants provided to plaintiffs. Plaintiffs signed an Attorney-Client Agreement ("Agreement") with Defendant Bay Law Group, P.C. on July 30, 2009. Page five of this Agreement contains an arbitration provision, stating that "[a]ny dispute concerning the services referred to in this application shall be . . . settled by arbitration in accordance with the rules of the American Arbitration Association. All such proceedings will take place in Orange County, California, or, at Client's election, in Client's county of residence." (Doc. 8-1, at 5.)

Additionally, this provision contains in capitalized language the following:

-1-

> BY ENTERING INTO THIS CONTRACT BOTH PARTIES ARE WAIVING THEIR CONSTITUTIONAL RIGHT OT HAVE ANY SUCH DISPUTE DECIDED IN A COURT OF LAW BEFORE A JUDGE OR JURY, AND INSTEAD ARE ACCEPTING ARBITRATION AS THEIR EXCLUSIVE VENUE FOR THE RESOLUTION OF DISPUTES.

(*Id*.)  All pages of the Agreement were initialed by both plaintiffs, including the page containing the arbitration agreement.

Defendants and plaintiffs both agree that the arbitration clause in the Agreement is severable and should be enforced.  Further, both defendants and plaintiffs agree that—because plaintiffs challenge the Agreement in its entirety—the validity of the Agreement should be reviewed by the arbitrator.  *See Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 449 (2006) ("[A] challenge to the validity of the contract as a whole, and not specifically to the arbitration clause, must go to the arbitrator.").  The court finds that the arbitration clause is severable and that the validity of the Agreement should be reviewed by the arbitrator.

Plaintiffs request that the court refer the matter to an arbitrator in Sedgwick County, Kansas.  The Agreement clearly states that the client (plaintiffs in this case) may elect to enter arbitration in the client's county of residence.  As plaintiffs are residents of Sedgwick County, the court will enforce their choice of Sedgwick County as the location for arbitration.

Because the court grants defendants' motion to compel arbitration, the alternative motion to change venue is denied as moot without prejudice.

**IT IS THEREFORE ORDERED** that Defendants' Motion To Compel Arbitration (Doc. 8) is granted.  The court stays all proceedings with respect to these defendants and orders the parties to proceed to arbitration.

**IT IS FURTHER ORDERED** that Defendants' Motion to Change Venue (Doc. 8) is denied as moot without prejudice.

Dated this 15th day of October, 2012, at Kansas City, Kansas.

              __s/ Carlos Murguia_____
              **CARLOS MURGUIA**
              United States DHaHistrict Judge