# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| WESLEY TANKSLEY and<br>AMY TANKSLEY,<br><br>    Plaintiffs,<br><br>v.<br><br>BAY VIEW LAW GROUP P.C., et al.,<br><br>    Defendants. | Case No. 12-1149-CM |

## MEMORANDUM AND ORDER

Plaintiffs filed the complaint on April 20, 2012. On August 23, 2012, the court issued an order to show cause why service had not been made upon defendant Thom Lopez (Doc. 10). Plaintiffs responded by the court's September 10, 2012 deadline (Doc. 17). On September 27, 2012, the court granted plaintiffs an additional thirty days to serve defendant Lopez (Doc. 18), resulting in a deadline of October 29, 2012. Plaintiffs did not serve defendant Lopez by this date, and the court issued a second order to show cause on December 27, 2012 (Doc. 20). The court gave plaintiffs until January 7, 2013 to show good cause in writing why service of the summons and complaint was not made upon defendant Lopez on or before October 29, 2012. The court also required plaintiffs to show good cause in writing why the court should not dismiss the action against defendant Lopez without prejudice. Plaintiffs failed to respond to the court's December 27, 2012 order.

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice as to that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Plaintiffs filed their complaint over one year ago. The court gave

plaintiffs an additional thirty days after finding that plaintiffs had shown good cause for their failure to serve defendant Lopez. Plaintiffs failed to serve defendant Lopez during this time, and have since failed to respond to the court's subsequent order to show cause. The court's two show cause orders provided notice to plaintiffs that their claims against defendant Lopez were subject to dismissal for failure to comply with Rule 4(m) and the court's orders. Because plaintiffs have still not served defendant Lopez with process, the court dismisses without prejudice the claims against defendant Lopez.

**IT IS THEREFORE ORDERED** that plaintiffs' claims against defendant Thom Lopez are dismissed without prejudice.

Dated this 26th day of June, 2013 at Kansas City, Kansas.

       s/ Carlos Murguia
       **CARLOS MURGUIA**
       United States District Judge