# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| WESLEY TANKSLEY, et al., | ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 12-cv-1149-CM-TJJ |
| | ) ) |
| BAY VIEW LAW GROUP, P.C., et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

The Court has before it the Motion to Withdraw as Counsel (ECF No. 59) filed by attorneys Camron L. Hoorfar and Lauren Hill of the Law Office of Camron Hoorfar, P.C. Counsel request that they be allowed to withdraw from this action with respect to the representation of Defendants Bay View Law Group P.C. and Jedediah N. Thurkettle. As the relief requested would leave the clients without counsel, movants must satisfy the requirements of D. Kan. Rule 83.5.5(a). No response or opposition was filed. Upon review, the Court concludes that the Motion should be granted as to Defendant Bay View Law Group P.C. and denied as to Defendant Jedediah N. Thurkettle.

Regarding Defendant Bay View Law Group P.C. ("Bay View"), pursuant to Rule 83.5.5(a), the Court finds that the motion sets forth good cause for the withdrawal, in that Bay View has refused to communicate with its attorneys since December 30, 2013 and has failed to pay its outstanding attorney fees. The motion also includes the admonition to the client that it will be personally responsible for complying with all orders of the court and time limitations established by the rules of procedure or court order, along with a copy of the Scheduling Order with all pending hearing dates and deadlines. Further, the motion includes Bay View's last known mailing address and telephone number.

Counsel has also filed an Affidavit (ECF No. 60) stating that counsel sent copies of the motion via certified mail, email, and first class mail to Bay View. Further, the affidavit includes a copy of the certified mail delivery confirmation notice to Bay View. The Court therefore finds that counsel has made a satisfactory showing, as required by D. Kan. Rule 83.5.5(a)(4), that counsel has made a reasonable effort to serve the motion to Bay View, and that Bay View received the motion. The Court also finds that the other requirements of Rule 83.5.5(a) have been met. The Court will therefore grant the motion as to Bay View as uncontested and for good cause shown.

As for Defendant Jedediah N. Thurkettle, the Court finds the motion should be denied at this time for insufficient proof of service. Per D. Kan. Rule 83.5.5(a)(2), a motion to withdraw must be served on the client "either by personal service or by certified mail, with return receipt requested." Further, movant must file either proof of personal service of the motion or the certified mail receipt, signed by the client.[1] In the alternative, movant may prove service by filing "an affidavit indicating that the client received a copy of the motion."[2]

A review of the motion and affidavit shows that counsel did not attempt personal service on Mr. Thurkettle. Instead, counsel attempted service via certified mail. Counsel has not, however, filed a certified mail receipt signed by Mr. Thurkettle, nor has counsel filed any notice confirming delivery. In addition, although counsel indicate that they sent the motion to Mr. Thurkettle via email and first class mail, they do not indicate that Mr. Thurkettle actually received the motion. As a result, the motion fails to show either proof of service on or receipt by Mr. Thurkettle and must therefore be denied with respect to Mr. Thurkettle.

---

[1] D. Kan. Rule 83.5.5(a)(4)(A).
[2] D. Kan. Rule 83.5.5(a)(4)(B).

**IT IS THEREFORE ORDERED** that the Motion to Withdraw as Counsel (ECF No. 59) is granted as to Defendant Bay View Law Group P.C. as uncontested and for good cause shown. Attorneys Camron L. Hoorfar and Lauren Hill of the Law Office of Camron Hoorfar, P.C. are authorized to withdraw and are hereby withdrawn from this action with respect to the representation of Defendant Bay View Law Group P.C.

**IT IS FURTHER ORDERED** that the Motion to Withdraw as Counsel (ECF No. 59) is denied as to Defendant Jedediah N. Thurkettle for failure to show either proof of service of the motion on the client or that the client received a copy of the motion. This denial is without prejudice to counsel refiling the motion upon service to the client.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 27th day of February, 2014.

s/ Teresa J. James
Teresa J. James
United States Magistrate Judge
