UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WESLEY TANKSLEY, et al., )
               Plaintiffs, )
                )
vs. )   Case No. 12-cv-1149-CM-TJJ
                )
BAY VIEW LAW GROUP, P.C., et al., )
               Defendants. )

## MEMORANDUM AND ORDER

The Court has before it a Renewed Motion to Withdraw as Counsel (ECF No. 70) filed by attorneys Camron L. Hoorfar and Lauren Hill of the Law Office of Camron Hoorfar, P.C. Counsel request that they be allowed to withdraw from this action with respect to their client, Defendant Jedediah N. Thurkettle. As the relief requested would leave the client without counsel, movants must satisfy the requirements of D. Kan. Rule 83.5.5(a). No response or opposition has been filed. Nevertheless, upon review, the Court concludes that the motion should be denied, without prejudice, for the reasons stated herein.

The Court denied a prior motion to withdraw for failure of counsel to provide sufficient proof of service. (*See* ECF No. 65.) Counsel attempts to cure the deficiency by explaining that they sent documents to their client by certified mail, but the documents went unclaimed and were returned to counsel. (*See* Mot. at 2.) And counsel expresses uncertainty as to what more they can do to satisfy this Court's local rule. (*See id.* at 3.) But as set out in the prior order:

> Per D. Kan. Rule 83.5.5(a)(2), a motion to withdraw must be served on the client 'either by personal service or by certified mail, with return receipt requested." Further, movant must file either proof of personal service of the motion or the certified mail receipt, signed by the client. In the alternative, movant may prove service by filing "an affidavit indicating that the client received a copy of the motion."

As was the case previously, nothing shows that counsel attempted to personally serve the motion to withdraw on Mr. Thurkettle.  The certified mail attempt does not suffice because the client has not signed the certified mail receipt and counsel has not filed an affidavit indicating that the client received a copy of the motion to withdraw.  The Court understands the difficult position that counsel may be in when their client stops communicating and certified mail goes unclaimed.  But D. Kan. Rule 83.5.5 provides an alternative to certified mail – personal service.  And nothing indicates that counsel has taken any steps to personally serve the client with the motion to withdraw.  On these facts, the Court finds no reason to dispense with the withdrawal requirements imposed by D. Kan. Rule 83.5.5.

**IT IS THEREFORE ORDERED** that the Renewed Motion to Withdraw as Counsel (ECF No. 70) is denied.  This denial is without prejudice to counsel filing a similar motion upon satisfying D. Kan. Rule 83.5.5 or providing an affidavit that shows reasonable efforts to comply with both alternatives of that local rule, i.e., certified mail and personal service.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 9th day of April, 2014.

/s Teresa J. James
Teresa J. James
United States Magistrate Judge